UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LUIS ANDRE DELACRUZ,

           Petitioner,

   -against-

UNITED STATES OF AMERICA,

           Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

12 Civ. 04798 (GBD)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 25 2015

GEORGE B. DANIELS, United States District Judge:

*Pro se* Petitioner Luis Andre DelaCruz moves this Court, pursuant to 28 U.S.C. § 2255, to vacate his sentence. (*See* 12-cv-04798, Motion to Vacate, (ECF No. 1).) Petitioner argues that this Court imposed an unreasonable sentence because it failed to consider the factors under 18 U.S.C. § 3553(a), and that he was deprived of his Sixth Amendment right to effective assistance of counsel. (*Id.* at 1, 5-7.) Petitioner's motion to vacate his sentence is DENIED.[1]

## Background

Petitioner was arrested on November 5, 2008 on a complaint. On December 11, 2008, a one-count indictment was unsealed. (08-cr-01080-03, Indictment, (ECF No. 8).) The indictment charged Petitioner and seven others with participating in a conspiracy to distribute five (5) kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). (*Id.* at 2.) Absent safety-valve relief—which was not available to Petitioner due to his own actions—

---

[1] Under 28 U.S.C. § 2255(b), "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). Here, no evidentiary hearing is necessary because the allegations in Petitioner's habeas motion are "contradicted by the record." *See United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992).

1

this charge carries a mandatory minimum sentence of ten years' imprisonment.[2]  On August 4, 2011, days before his August 8 trial date, Petitioner retained his fourth new counsel.  (*See* 12-cv-04798, Plea Tr., (ECF No. 8, Ex. B), at 2:18-3:8.)  That same day, Petitioner pleaded guilty to Count One of the indictment pursuant to a plea agreement with the Government.  (*See id.* at 14:16-18.)  Under the terms of that agreement, Petitioner waived his right to appeal or collaterally attack "any sentence within or below the Stipulated Guidelines Range of 151 to 188 months' imprisonment, with a mandatory minimum term of 120 months' imprisonment."  (*See* Plea Agrmt., (ECF No. 8, Ex. A), at 4.)[3]  On March 26, 2012, Petitioner was sentenced by this Court below the Guidelines to the mandatory minimum of ten years' imprisonment followed by a five-year term of supervised released.  (08-cr-01080-03, Judgment, (ECF No. 109), at 2-3; *see also* Sentencing Tr., (ECF No. 8, Ex. D), at 20:15-19.)

On June 18, 2012, Petitioner, moving *pro se*, filed the instant § 2255 petition.[4]

## Motion to Vacate

In support of his motion, Petitioner argues that his sentence is "procedurally unreasonable because the court failed to set forth any reasons for its sentence and the sentence is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a)."  (Motion to Vacate at 1.)  In addition, Petitioner claims he was denied effective assistance of counsel because he was "coerce[d]" into entering a plea agreement that prohibited collateral attack or appeal of a sentence within or below

---

[2] Petitioner was unable to meet the eligibility criteria for safety-valve relief because he twice lied to the Government and this Court when he submitted two fraudulent affidavits in an attempt to suppress his post-arrest statements.  (*See* 12-cv-04798, Sentencing Tr., (ECF No. 8, Ex. D), at 7:1-20.)  Petitioner acknowledged that he was not safety-valve eligible in the plea agreement that he entered into with the Government.  (*See* 12-cv-04798, Plea Agrmt., (ECF No. 8, Ex. A), at 2.)

[3] Prior to this plea agreement, Petitioner was given the opportunity to plea pursuant to an agreement with a five-year mandatory minimum.  (*See* Sentencing Tr. at 12:7-11.)

[4] Petitioner's request for the appointment of counsel is DENIED.  Petitioner cannot succeed on the merits and, therefore, would not benefit from the appointment of counsel.

the Stipulated Guidelines Range of 151 to 188 months' imprisonment, and his counsel did not file a notice of appeal. (*See id.* at 5-6.)

Petitioner knowingly and voluntarily entered into a plea agreement that repeatedly references the mandatory minimum ten-year sentence. Moreover, under the plea agreement, Petitioner waived his right to appeal or move to vacate a sentence within or below the Guidelines range. Petitioner was questioned at length about his understanding of the plea agreement, and he indicated unequivocally that he desired to plead guilty pursuant to the plea agreement because he was, in fact, guilty. This Court imposed the below-Guidelines mandatory minimum after careful consideration of both Petitioner's and the Government's positions, including defense counsel's written and oral requests that this Court impose the mandatory minimum sentence. Petitioner is not able to demonstrate that his counsel was ineffective. Petitioner's claim is procedurally barred.

I. **Plea Agreement**

It is clear on the face of the plea agreement that Petitioner was admitting his guilt to Count One of the indictment and agreeing to serve *at least* 120 months in prison. The plea agreement states in paragraph one: "This offense carries a maximum sentence of life imprisonment; [and] a mandatory minimum sentence of ten years of imprisonment . . . ." (Plea Agrmt. at 1.) Under a section entitled "Sentencing Range," the plea agreement states:

> Based upon the calculations set forth above, the defendant's stipulated Guidelines range is 151 to 188 months, with a mandatory minimum term of 120 months' imprisonment . . . . *The parties agree that the defendant is not eligible for relief, pursuant to Title 18, United States Code, Section 3553(f), from the applicable statutory minimum sentence of ten years' imprisonment*. The parties further agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted.

(*Id.* at 3 (emphasis added).) Moreover, under the terms of the plea agreement, Petitioner expressly waived his right to bring the instant motion:

> It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any sentence within or below the Stipulated Guidelines Range of 151 to 188 months' imprisonment, with a mandatory minimum term of 120 months' imprisonment.

(*Id.* at 4.)

Therefore, under the repeated terms of the plea agreement, Petitioner agreed to at least the mandatory minimum term of ten years' imprisonment, and further agreed that he would not bring the instant motion or seek a direct appeal of that sentence.

## II. Plea Allocution

During the plea allocution pursuant to Federal Rule of Criminal Procedure 11, Petitioner stated that he understood the plea agreement and the implications of a sentence pursuant to that agreement. (*See* Plea Tr. at 5:6-15:15.)[5]

Petitioner knowingly, voluntarily, and intelligently pleaded guilty pursuant to the plea agreement, thereby foreclosing his right to file the instant motion. (*See* Plea Tr. at 13:6-11, 14:22-24, 15:9-15); *see also Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citations omitted) ("The

---

[5] This Court questioned Petitioner to ensure he understood the terms of the plea agreement, his potential sentence, and his waiver of the right to appeal or collaterally challenge his sentence:

> THE COURT: And did you discuss the terms of this agreement with your attorney before you signed it?
> THE DEFENDANT: Yes.
> THE COURT: Did you fully understand the agreement before you signed it?
> THE DEFENDANT: Yes.
> . . .
> THE COURT: Do you understand that [by] one of the terms of this agreement, you are giving up and waiving your right to file any appeal of the sentence that is imposed in this case if that sentence is within or below the stipulated guideline range that is contained in this agreement? Do you understand that?
> THE DEFENDANT: Yes.

(Plea Tr. at 12:5-13:11.)

4

longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to defendants."). Petitioner was aware of his alternative courses of action. In fact, he entered into the plea agreement just days before his scheduled trial, and after he had turned down a prior—and more favorable— plea agreement offered by the Government. (*See* Sentencing Tr. at 7:21-8:8, 12:7-22.) Petitioner was the last of the defendants named in the indictment to plead guilty. (*See* 12-cv-04798, Government's Opposition, (ECF No. 8), at 2.)

Petitioner was informed by his counsel (*see* Section IV, *infra*) and this Court of the consequences of his decision to plead guilty pursuant to the plea agreement.

## III. Sentencing

Before imposing the mandatory minimum sentence, this Court reviewed and considered, among other things, the probation department's Presentence Investigation Report ("PSR"),[6] the arguments raised by both parties at sentencing,[7] and defense counsel's sentencing submission.[8]

This Court questioned the Government extensively about the nature of Petitioner's involvement in the crime, his relative culpability as compared to his co-defendants, and the sentences imposed on his co-defendants. (*See* Sentencing Tr. at 9:4-11:22.) Moreover, this Court

---

[6] The Probation Office recommended that this Court sentence Petitioner to the bottom of the Guidelines range: 151 months' imprisonment. (12-cv-04798, PSR, (ECF No. 8, Ex. C), at 17.) Probation indicated that it was "unaware of any mitigating factors which would warrant a sentence outside the applicable Guideline range." (*Id.*)

[7] Defense Counsel stated at the sentencing hearing: "My position is that 120 months is more than enough. And if he had listened to his first lawyer he would have gotten five years and he would have almost been out already." (Sentencing Tr. at 16:10-12.) Meanwhile, the Government advocated for a Guidelines sentence. (*Id.* at 7:1-3 ("The Government's position is that the guideline sentence is appropriate in this case.").)

[8] In his sentencing submission, defense counsel specifically requested that this Court impose the mandatory minimum sentence of ten years' imprisonment. (*See* 08-cr-01080-03, Def. Submission, (ECF No. 106), at 2 (emphasis added).)

expressly acknowledged that it had considered all of the factors in 18 U.S.C. § 3553(a) before imposing Petitioner's sentence, including certain mitigating factors such as Petitioner's family life and lack of criminal history. (*See id.* at 19:20-20:16.)

Therefore, Petitioner's argument that the imposed sentence did not comport with 18 U.S.C. § 3553(a) is unavailing.

### IV. Ineffective Assistance of Counsel

Petitioner argues that he received ineffective assistance of counsel because his counsel "coerce[d]" him into accepting a plea bargain, failed to file a notice of appeal, and prejudiced Petitioner by failing to explain the plea agreement and the law. (*See* Motion to Vacate at 5-7.)

To prevail on an ineffective assistance of counsel claim, Petitioner must meet the two-prong test outlined in *Strickland v. Washington*. *See* 466 U.S. 668, 687-88 (1984). The first prong analyzes whether "a counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To demonstrate that his counsel's representation was objectively unreasonable, Petitioner must show that identified acts or omissions by his attorney were, in light of all the circumstances, outside the range of professionally competent assistance. *See Bennett v. United States*, 663 F.3d 71, 84-85 (2d Cir. 2011) (citing *Strickland*, 466 U.S. at 690). The second prong requires Petitioner to show that his counsel's "deficient performance prejudiced the defense" such that "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687. Thus, Petitioner must demonstrate both incompetence and prejudice to prevail.

Petitioner argues that his counsel's performance fell below an objective standard of reasonableness because his counsel allegedly coerced him into entering the plea agreement and failed to file a notice of appeal after Petitioner was sentenced. Petitioner has not provided any

evidence of how his counsel coerced him into entering the plea agreement.[9] In addition, Petitioner's counsel was foreclosed from filing an appeal because of the waiver provision contained in the plea agreement. (*See* Plea Agrmt. at 4.) Petitioner admits that his attorney informed him that he would have to agree to the waiver of an appeal or collateral attack of his sentence before the plea agreement could be accepted. (*See* Motion to Vacate at 6.) Because

---

[9] Even if his attorney had misled him—an allegation that is unsupported by the record—Petitioner was advised that his sentence would be determined by this Court alone:

> THE COURT: Mr. De[l]aCruz, your attorney, Mr. Weinstein, has informed me that you wish to withdraw your plea of not guilty and that you wish to plead guilty to Count 1 of this indictment. Is that what you wish to do today?
> THE DEFENDANT: Yes.
> THE COURT: Have you had a full opportunity to discuss your case with your attorney and to discuss the consequences of entering a plea of guilty?
> THE DEFENDANT: Yes.
> THE COURT: Are you satisfied with your attorney, Mr. Weinstein, and his representation of you?
> THE DEFENDANT: Yes.
> . . .
> THE COURT: And do you understand that the maximum possible penalty that can be imposed on the crime to which you are pleading guilty, it carried a maximum sentence of up to life imprisonment, a mandatory minimum sentence of 10 years' imprisonment, a maximum term of up to lifetime supervised release and a mandatory minimum term of five years' supervised release . . . ? Do you understand that as a maximum penalty that could be imposed on the crime to which you are pleading guilty?
> THE DEFENDANT: Yes.
> . . .
> THE COURT: Do you understand that if your attorney or anyone else has attempted to estimate or predict what your sentence will be, their estimate or prediction could be wrong?
> THE DEFENDANT: Yes.
> . . .
> THE COURT: Do you also fully understand that even if your sentence is different from what your attorney or anyone else told you it might be or if it is different from what you expect, you will still be bound by your guilty plea, and you will not be allowed to withdraw your guilty plea after it is entered and I will sentence you on the date of sentence pursuant to the guilty plea that you are entering today? Do you understand all of that?
> THE DEFENDANT: Yes.

(Plea Tr. at 5:6-5:17, 8:23-9:8, 11:7-10, 11:21-12:4.) This Court's plea allocution process fully complied with Federal Rule of Criminal Procedure 11, obviating any concerns regarding effective assistance of counsel. *See* Fed. R. Crim. P. 11; *see also Missouri v. Frye*, 132 S. Ct. 1399, 1406 (2012) ("[T]he trial court itself, ha[s] had a substantial opportunity to guard against this contingency by establishing at the plea entry proceeding that the defendant has been given proper advice or, if the advice received appears to have been inadequate, to remedy that deficiency before the plea is accepted and the conviction entered.").

Petitioner's counsel informed Petitioner of the law and the consequences of accepting the plea agreement, Petitioner has failed to show that his counsel acted in an unreasonable manner.

Petitioner cannot establish that his counsel's performance could have prejudiced him to the extent that the outcome would have been different. Petitioner voluntarily and knowingly pleaded guilty; he could not have avoided the statutory minimum sentence of 120 months. Because there is no evidence that Petitioner was coerced into taking a plea, and because any appeal by defense counsel would have been improper and futile, there are no grounds for vacating Petitioner's sentence on the basis of ineffective assistance of counsel or otherwise.

### V.   Procedural Default

The Government argues that this action is barred by the "procedural default rule," which "prevents claims that could have been brought on direct appeal from being raised on collateral review absent cause and prejudice." *See Yick Man Mui v. United States*, 614 F.3d 50, 54 (2d Cir. 2010). Cause can be shown by demonstrating ineffective assistance of counsel. *See Arbabsiar v. United States*, No. 14 Civ. 3222(JFK), 2014 WL 6463229, at *2 (S.D.N.Y. Nov. 18, 2014). Petitioner cannot show that his counsel was ineffective under the *Strickland* standard, however, and this Court therefore agrees with the Government that because Petitioner waived his right to appeal or collaterally attack his sentence in his plea agreement, and swore to this Court during his plea allocution that he understood the impact of that waiver, he cannot show *cause* for his procedural default. Moreover, as discussed above, any appeal would be denied, and thus Petitioner cannot show *prejudice.*

Petitioner confirmed at various stages during the plea and sentencing process that he was guilty, he desired to plead guilty, he understood the attendant minimum sentence of ten years'

imprisonment, and he knew he could not bring the instant motion or appeal from the mandatory minimum sentence.

## Conclusion

Petitioner's § 2255 Petition is DENIED without a hearing. As Petitioner has not made a substantial showing of a denial of a constitutional right, a certificate of appealability from this Order will not issue. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Hoffler v. Bezio*, 726 F.3d 144, 154 (2d Cir. 2013); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 650 n.5 (2012). This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal of this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is instructed to close the motion at ECF No. 1, the application at ECF No. 9, and this case.

Dated: New York, New York
February 25, 2015

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge